IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MORGAN MOLDER, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-21-706-AMG |
| ) | |
| KILOLO KIJAKAZI, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
|    Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Morgan Molder ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-34, and supplemental security income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-83f. (Doc. 1). The Commissioner has answered the Complaint and filed the Administrative Record ("AR") (Docs. 10, 11), and the parties have fully briefed the issues. (Docs. 16, 19).[1] The parties have consented to proceed before the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). (Docs. 14, 15). Based on the Court's review of the record and issues presented, the Court **AFFIRMS** the Commissioner's decision.

---

[1] Citations to the parties' briefs refer to the Court's CM/ECF pagination. Citations to the Administrative Record refer to its original pagination.

I.  **Procedural History**

Plaintiff filed applications for DIB and SSI on April 11, 2019, alleging a disability onset date of May 1, 2018. (AR, at 76, 78, 200). Plaintiff later amended her alleged onset date to November 11, 2018. (*Id*. at 50). The SSA denied the applications initially and on reconsideration. (*Id*. at 108-14, 122-32). Then an administrative hearing was held on July 13, 2020. (*Id*. at 45-65). Afterwards, the Administrative Law Judge ("ALJ") issued a decision finding that Plaintiff was not disabled. (*Id*. at 8-24). The Appeals Council subsequently denied Plaintiff's request for review. (*Id*. at 1-7). Thus, the ALJ's decision became the final decision of the Commissioner. *See Wall v. Astrue*, 561 F.3d 1048, 1051 (10th Cir. 2009); 20 C.F.R. § 404.981.

II. **The Administrative Decision**

At Step One, the ALJ found that Plaintiff had not engaged in substantial gainful activity since November 11, 2018, the amended alleged onset date. (AR, at 14). At Step Two, the ALJ found that Plaintiff had the following severe impairments: "left temporal mass status post craniotomy, seizure disorder, anxiety and depression (20 CFR 416.920(c))." (*Id*.) At Step Three, the ALJ found that Plaintiff had no impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. (*Id*. at 15). The ALJ then determined that Plaintiff had the RFC

> to lift and carry 20 pounds occasionally and 10 pounds frequently. The claimant can sit for about 6 hours during an eight-hour workday and can stand and walk for about 6 hours during an eight-hour workday. The claimant cannot climb ladders, ropes, or scaffolds. The claimant is to avoid all exposure to hazards, such as unprotected heights and heavy machinery. The claimant can understand, remember and carry out simple, routine and

> repetitive tasks.  The claimant can interact appropriately with others.  The claimant can adapt to a work situation. 20 CFR 416.967(b).

(*Id*. at 17).  At Step Four, the ALJ found that Plaintiff is unable to perform any past relevant work.  (*Id*. at 19).  Finally, at Step Five, the ALJ concluded that "there are jobs that exist in significant numbers in the national economy that the claimant can perform" such as a small product assembler, cashier II, and housekeeper.  (*Id*. at 20).  Thus, the ALJ found that Plaintiff was not disabled under the SSA.  (*Id*. at 21).

**III.   Claims Presented for Judicial Review**

On appeal, Plaintiff raises one issue – that "the ALJ's RFC is deficient because substantial evidence supports additional memory limitations which were not included." (Doc. 16, at 3).  Plaintiff asserts that, although "the ALJ claims to account for [Plaintiff's] memory deficits by limiting her to simple, routine, and repetitive tasks" in the RFC, "the record shows that this generic limitation does not adequately encompass [Plaintiff's] functionally distinct limitations regarding her memory."  (*Id*. at 3-4).

In response, the Commissioner argues that "the ALJ's limitation to unskilled work sufficiently accounted for the evidence of any delayed memory difficulty," and Plaintiff's claimed additional limitations are "limitations of her own creation." (Doc. 19, at 1).  The Commissioner explains that "[n]one of Plaintiff's treatment providers opined that she needed any particular memory-related work limitations, and the reviewing agency psychologist — Dr. Jones — found the available evidence did not warrant any." (*Id*.)  Because of this, the Commissioner argues that the ALJ's decision is supported by substantial evidence and should therefore be affirmed.  (*Id*. at 13).

**IV.     The Disability Standard and Standard of Review**

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A physical or mental impairment is an impairment "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *Id.* § 423(d)(3). A medically determinable impairment must be established by "objective medical evidence" from an "acceptable medical source," such as a licensed physician or a licensed and certified psychologist; whereas the claimant's own "statement of symptoms, a diagnosis, or a medical opinion" is not sufficient to establish the existence of an impairment. 20 C.F.R. §§ 404.1521, 416.921; *see id.* §§ 404.1502(a), 404.1513(a), 416.902(a), 416.913(a). A plaintiff is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

Social Security regulations implement a five-step sequential process to evaluate a disability claim. 20 C.F.R. §§ 404.1520, 416.920; *Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (explaining five steps and burden-shifting process). To determine whether a claimant is disabled, the Commissioner inquires: (1) whether the claimant is

engaged in any substantial gainful activity; (2) whether the claimant suffers from a severe impairment or combination of impairments; (3) whether the impairment meets an impairment listed in Appendix 1 of the relevant regulation; (4) considering the Commissioner's assessment of the claimant's residual functional capacity ("RFC"),[2] whether the impairment prevents the claimant from continuing claimant's past relevant work; and (5) considering assessment of the RFC and other factors, whether the claimant can perform other types of work existing in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).  Plaintiff bears the "burden of establishing a prima facie case of disability under steps one, two, and four" of the SSA's five-step procedure.  *Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005).  If the plaintiff makes this prima facie showing, "the burden shifts to the Commissioner to show the claimant has the [RFC] to perform other work in the national economy in view of [claimant's] age, education, and work experience."  *Id*.  "The claimant is entitled to disability benefits only if [he or she] is not able to perform other work."  *Bowen v. Yuckert*, 482 U.S. 137, 142 (1987).

This Court's review of the Commissioner's final decision is limited "to determin[ing] whether the Commissioner applied the correct legal standards and whether the agency's factual findings are supported by substantial evidence."  *Noreja v. Comm'r, SSA*, 952 F.3d. 1172, 1177 (10th Cir. 2020) (citation omitted).  Substantial evidence is "more than a scintilla, but less than a preponderance."  *Lax v. Astrue*, 489 F.3d 1080, 1084

---

[2] RFC is "the most [a claimant] can still do despite [a claimant's] limitations."  20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

(10th Cir. 2007). "It means – and means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (internal quotation marks and citation omitted). A court's review is based on the administrative record, and a court must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted). Even if a court might have reached a different conclusion, the Commissioner's decision stands if it is supported by substantial evidence. *See White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002).

**V.     The ALJ Adequately Considered The Record Evidence of Plaintiff's Memory Issues In Determining the RFC.**

Plaintiff argues that the ALJ "crafted an RFC that was insufficient to encompass [her] functional distinct memory limitations" by overlooking "[s]ubstantial evidence in the record." (Doc. 16, at 3). Plaintiff points to three medical opinions (AR, at 361, 401-02, 440) and her own testimony that she would find it difficult to hold down a job 40 hours a week because it would be a problem for her "to learn new things and remember what [she] was taught during the training process." (Doc. 16, at 5) (citing AR, at 57). For her proffered limitations, Plaintiff states that she "will need more direct supervision, and will

6

require prompts to remember her work processes, as well as job instruction." (*Id*. at 6). However, Plaintiff provides no support in the treatment records for these specific limitations.

A review of the decision shows that the ALJ adequately considered the record evidence of Plaintiff's memory issues in evaluating Plaintiff's case and formulating the RFC. The ALJ considered the four broad areas of mental functioning set out in the disability regulations for evaluating mental disorders, the "paragraph B criteria," and determined that Plaintiff has a moderate limitation in concentrating, persisting, or maintaining pace; and mild limitations in understanding, remembering, or applying information, in interacting with others, and in adapting or managing oneself. (AR, at 16). In evaluating Plaintiff's mild limitation in understanding, remembering, or applying information, the ALJ noted that Plaintiff "testified that she had memory issues and difficulties with reading, writing and doing multiplication and division," but "[t]reatment notes generally indicated [she] had normal immediate memory, fund of knowledge, and intact comprehension." (AR, at 16) (citing AR at 348, 361, 440, 460, 465, 476-77, 484-85). When discussing Plaintiff's moderate limitation with concentrating, persisting, or maintaining pace, the ALJ found that "[t]reatment notes generally indicated the claimant was alert with normal attention and focused during conversations, but with decreased delayed memory." (*Id*.) (citing AR at 348, 356, 361, 397, 440, 460, 477).

In formulating the RFC, the ALJ considered Plaintiff's testimony at the hearing that she experienced "increased memory loss, decreased concentration, [and] decreased focus"

following her tumor removal, and "also had increased difficulties with reading, writing and could not handle multiplication and division at this time." (AR, at 17). However,

> [a]fter careful consideration of the evidence, the [ALJ] [found] that the [Plaintiff's] medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

(AR, at 18). The ALJ noted that "the record indicates [Plaintiff] complained of . . . poor concentration." (*Id.*) (citing AR, at 355). "However, despite these allegations, [Plaintiff] was generally noted . . . [to have] normal fund of knowledge, normal memory, normal attention, normal focus, normal judgment, fair insight and have intact comprehension. There were less optimal findings as well . . . ." (*Id.*) (citing AR, at 348, 356, 361, 397, 440, 460, 465, 476-477, 484-85).

The ALJ found the opinion of the state physical consultant "unpersuasive" because it allowed "light exertion work with no mental limitations" and "fail[ed] to . . . consider her mental health limitations with evidence of decreased delayed memory." (*Id.*) (citing AR, at 94-107, 361, 483). Finally, the ALJ found that the RFC was "supported by treatment notes," and with regard to the issue at hand, found that Plaintiff "was limited to understanding, remembering and carrying out simple, routine and repetitive tasks, based on evidence of decreased delayed memory with her noted as otherwise able to interact appropriately and adapt normally." (AR, at 19).

Thus, as Plaintiff concedes, "[t]he ALJ does acknowledge [Plaintiff's] memory deficits in his decision." (Doc. 16, at 5). Plaintiff's contention that the ALJ somehow did

8

not "fully realize[] the functional limitations [Plaintiff] has" (*id*. at 6) simply represents an inference that Plaintiff has constructed from the medical records, an inference that was not drawn by the ALJ, and that is not, in fact, harmonious with the whole of the record or with the ALJ's stated reasoning. Plaintiff's request that the Court remand on the basis of her inference is nothing more than a request to reweigh the evidence, and this Court must decline that request. *Allman v. Colvin*, 813 F.3d 1326, 1333 (10th Cir. 2016) ("Concluding otherwise would require us to reweigh the evidence, a task we may not perform."). "The ALJ was entitled to resolve [] evidentiary conflicts and did so." *Id*. The ALJ's RFC is supported by substantial evidence regarding Plaintiff's mental impairments.

## VI.  Conclusion

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties, the undersigned **AFFIRMS** the decision of the Commissioner for the reasons discussed above.

**SO ORDERED** this 9th day of September, 2022.

*Amanda Maxfield Green*
AMANDA MAXFIELD GREEN
UNITED STATES MAGISTRATE JUDGE